UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21252-BLOOM/Otazo-Reyes

MICHAEL DONOVAN,

    Plaintiff,

v.

CHRISTIAN QUIMBY,

    Defendant.

_____/

### ORDER ON EXPEDITED MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Defendant Christian Quimby's Expedited Motion for Reconsideration of Defendant's Motion for Extension of Time, ECF No. [34], ("Motion"). Plaintiff Michael Donovan filed a Response in Opposition, ECF No. [35], to which Plaintiff filed a Reply, ECF No. [36]. The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I. BACKGROUND**

Plaintiff filed his Complaint asserting a single count of battery against Defendant on February 20, 2023, in the Circuit Court for the Eleventh Judicial Circuit in and for Miami Dade County. ECF No. [1-1]. On March 31, 2023, Defendant removed the action to this Court. ECF No. [1]. Thereafter, on April 28, 2023, Plaintiff filed his First Amended Complaint, again alleging a single count of battery. ECF No. [11]. On May 12, 2023, Defendant filed his Answer and Affirmative Defenses. ECF No. [17].

Case No. 23-cv-21252-BLOOM/Otazo-Reyes

On July 21, 2023, before the deadline for the parties to complete discovery, Plaintiff filed a Motion for Partial Summary Judgment seeking summary judgment on the issues of liability and Defendant's Affirmative Defenses. ECF No. [24]. On August 4, 2023, Defendant filed a Motion for Extension of time to Respond to Plaintiff's Motion for Partial Summary Judgment, ECF No. [31]. The Court Granted in Part and Denied in Part that Motion, extending the deadline for Plaintiff to respond by twenty days until August 24, 2023. ECF No. [32].

On August 10, 2023, Defendant filed the instant Motion for Reconsideration of the Court's Order Granting in part the requested extension of time to Respond to Plaintiff's Motion for Partial Summary Judgment. ECF No. [34]. Defendant argues that reconsideration is necessary because there is good cause to grant the extension of time to respond until ten days after the Plaintiff's deposition since it is inappropriate for a court to grant summary judgment prior to providing an opposing party an opportunity to complete discovery. *Id*. Plaintiff responds that the Court should deny Defendant's Motion for Reconsideration and require Defendant to file a Response to his Motion for Partial Summary Judgment no later than August 24, 2023. ECF No. [35].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides bases for relief from a judgment or order. Fed. R. Civ. P. 60(b) provides in part, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Rule 60(b)(6) is the "catch all" ground for relief under Rule 60(b). *See Galbert v. W. Caribbean Airways*, 715 F.3d 1290, 1294 (11th Cir. 2013) (quotation marks omitted).

"The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp.

2

2d 1366, 1369 (S.D. Fla. 2002) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). "[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citations omitted). "A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made[.]" *Z.K. Marine*, 808 F. Supp. at 1563; *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) ("A motion for reconsideration cannot be used to relitigate old matters[.]" (quotation marks omitted)). Rather, Rule 60(b) is intended to permit reconsideration "where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine*, 808 F. Supp. at 1563 (quotation marks omitted). In short, it is "an extraordinary remedy to be employed sparingly." *Burger King*, 181 F. Supp. 2d. at 1370 (citation omitted).

### III. DISCUSSION

Defendant moves pursuant to Rule 60(b) for the Court to consider its Order Granting in Part Defendant's Motion for Extension of Time to Respond to Plaintiff's Motion for Partial Summary Judgment. ECF No. [34]. Therein, Defendant argues that not granting in full the request for extension of time until ten days after the deposition of the Plaintiff in this case "would unduly prejudice [Defendant] and would possibly create reversible error." *Id.* at 4. The Court therefore considers this a motion for reconsideration on the grounds of the need to correct clear error or prevent manifest injustice. Plaintiff responds that the request for reconsideration should be denied because it was brought pursuant to Fed. R. Civ. P. 6, and the requirements of Rule 56 were not met. ECF No. [35] at 2.

Case No. 23-cv-21252-BLOOM/Otazo-Reyes

Defendant relies on *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988), to support its contention that it is entitled to the requested extension of time until ten days after Plaintiff is deposed. In that case, the Eleventh Circuit reiterated the rule that "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery." *Id*. The *Snook* court considered Fed. R. Civ. P. 56(f) in reaching its conclusion that the district court did not comply with the rule when it failed to rule on a pending motion to compel discovery before the entry of summary judgment. *Id*. at 871.

Here, Plaintiff correctly points out that Defendant did not originally move for an extension of time under Rule 56, but instead moved for an extension of time to respond to Plaintiff's Motion for Partial Summary Judgment pursuant to Rule 6. ECF Nos. [35] at 2; [31]. Rule 6 permits the court to extend the time in which an act may or must be done for good cause. Fed. R. Civ. P. 6(b). The Court is loathe to grant an indefinite extension of time. Here, Defendant did not suggest a date for the extension, but instead moved for an extension until ten days after Plaintiff's deposition without providing a date on which that deposition was set to occur. *See* ECF No. [31]. The Court therefore granted the extension to the extent that the Motion was unopposed. Defendant is not restricted from seeking further extensions if, as suggested in the Motion for Reconsideration, he is unable to take the discovery he believes is necessary to respond to Plaintiff's Motion before the extended deadline.

Because Defendant has not demonstrated that reconsideration is appropriate to correct clear error or prevent manifest injustice in light of the grounds raised in his original motion, the instant Motion for Reconsideration, ECF No. [34], is denied.

4

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Reconsideration, **ECF No. [34]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 14, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record