UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21252-BLOOM/Torres

MICHAEL DONOVAN,

    Plaintiff,

v.

CHRISTIAN QUIMBY,

    Defendant.
_____/

### ORDER ON MOTION TO REMAND

**THIS CAUSE** is before the Court upon Defendant Christian Quimby's Motion to Remand Due to The Court's Lack of Subject Matter Jurisdiction; And To Stay All Court Imposed Deadlines Pending The Court's Ruling on Its Subject Matter Jurisdiction, ECF No. [47], ("Motion"). Plaintiff Michael Donovan filed a Response in Opposition, ECF No. [48], to which Defendant filed a Reply, ECF No. [61]. The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

    **I.  BACKGROUND**

On February 20, 2023, Plaintiff filed his Complaint for battery ("Complaint") in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, styled *Michael Donovan v. Christian Quimby*, Case No. 2023-002803-CA-01. ECF No. [1-1]. Thereafter, on March 31, 2023, Defendant filed his Notice of Removal pursuant to 28 U.S.C. § 1441, § 1332(a), and Local Rule 7.2, in the United States District Court for the Southern District of Florida, Miami Division. ECF

No. [1]. On April 28, 2023, Plaintiff filed his First Amended Complaint, maintaining a single count of battery. ECF No. [11].

On September 20, 2023, Defendant filed the instant Motion and alleges that Plaintiff is neither a citizen nor a resident of Florida. Rather, Plaintiff's "home" is in Sweden where he is domiciled and lives with his wife; Plaintiff does not intend to stay in Florida, and cannot satisfy diversity for purposes of jurisdiction under 28 § U.S.C. 1332. ECF No. [47] at 2, 12. Plaintiff responds that he is domiciled in Florida, and while his lifestyle permits him to travel abroad, he is not authorized to live in Sweden, and considers Florida his home. ECF No. [48] at 1. Defendant replies that Plaintiff has conceded he has no fixed address and is therefore stateless, which also divests this Court of jurisdiction. ECF No. [61] at 1, 4.

**II. LEGAL STANDARD**

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). This is because federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)) (internal quotation marks omitted); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction."). "[O]nce a federal court determines that it is without subject matter

jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d at 410 (alteration added).

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.* 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). Under 28 U.S.C. § 1331, district courts have jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

### III. DISCUSSION

Defendant argues that, as a resident of Pennsylvania, he filed for removal upon the "good-faith" belief that Plaintiff was a citizen of Florida. ECF No. [47] at 1; *see also* ECF No. [1-1]. Defendant now moves to remand based upon the "preponderance of evidence" revealed during discovery revealing that Plaintiff is not a citizen of Florida. ECF No. [47] at 1-3. Defendant contends the following: Plaintiff's Florida driver's license provides the address for a woman's clothing boutique (it was previously a UPS store); Plaintiff lives in, and is domiciled in, Sweden with his wife (Victoria Donovan); in his deposition, Plaintiff stated that "he only leaves Sweden as required to not overstay his European Union (Schengen) tourist visa;" Plaintiff and his attorneys provided the address for a UPS location in Miami for a different legal matter between the parties. ECF No. [47] at 3-7, 10. Defendant asserts that additional facts from Plaintiff's deposition testimony support his argument: Plaintiff has never owned real property in Florida, and Plaintiff's

last long-term lease in Florida was in 2004 with Defendant's former wife. *Id*. at 8. Defendant contends that Plaintiff's suggestion that his residence is wherever he "book[s] a room using the Airbnb/Marriott Vacation Club rental websites when he decides to come to Florida" is insufficient to show that he has a residence in Florida. *Id*.

Defendant argues that Plaintiff fails to establish domicile in Florida, destroying diversity jurisdiction. On the issue of domicile, Defendant cites to *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145 (11th Cir. 2021) which held that "domicile (or citizenship) consists of two elements: residency in a state and intent to remain in that state." *Id*. at 1149. Domicile is the place of "'[one's] true, fixed, and permanent home and principal establishment, and to which [one] has the intention of returning whenever [] absent therefrom.'" *Id*. (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). "Residency is necessary, but insufficient, to establish citizenship in a state." *Id*. (citation omitted). Defendant argues that Plaintiff is not domiciled in Florida, has no "true, fixed, and permanent" home in Florida, and concedes as much in his statement that he uses temporary vacation rentals as needed when in Florida. ECF No. [47] at 8. Moreover, Plaintiff's employer recently attempted to obtain a Swedish work permit which Plaintiff sought to "not have to leave Sweden as required by [] his tourist visa." *Id*. at 10. Therefore, Plaintiff neither has a fixed residence nor the intent to stay in the state of Florida, and consequently cannot assert domicile in Florida.

For support on his jurisdictional argument, Defendant cites to *Campos v. Sociedad Aeronautica Medellin Consolidada, S.A.,* 882 F. Supp. 1056 (S.D. Fla. Dec. 30, 1994), and *University of South Alabama v. American Tobacco, Co.*, 168 F.3d 405 (11th Cir. 1999). Defendant asserts that, similar to *Campos*, a district court "must remand to the state court any case that was removed improvidently or without the necessary jurisdiction." 882 F. Supp. at 1057. Further, "all

doubts about jurisdiction should be resolved in favor of remand to state court." 168 F.3d at 411. Lastly, Defendant argues that a U.S. citizen domiciled abroad is not a proper party to a diversity action in federal court. *Molinos Valle del Cibao, C. por A. v. Lama*, 633 F.3d 1330 (11th Cir. 2011) ("U.S. citizens domiciled abroad are neither 'citizens or subjects of a foreign state' and therefore are not proper parties to a diversity action in federal court") (citations omitted). *Id*. at 1341.

Plaintiff responds that he is domiciled in Florida because: Plaintiff only has a Florida driver's license; Plaintiff only has U.S. citizenship and never applied for any other citizenship; Plaintiff spent more time in Florida than in Sweden in both 2022 and 2023; Plaintiff has never owned nor had a long term lease of at least one year in Sweden; Plaintiff's cellular phone area code is "786"; in deposition statements, Plaintiff contends that Miami is his "home;" Plaintiff also pled that Florida is his home in the Pennsylvania case against this Defendant; and finally, Plaintiff claims that there is no strategic advantage in this litigation by claiming to be a citizen of Florida. ECF No. [48] at 2-3. Furthermore, Plaintiff's argues that his lack of a single address in Florida does not mean that he is a Swedish resident. *Id*. at 4. Plaintiff's remote work merely allows him "to live a lifestyle that permits him to travel the world [and he] usually changes addresses on a month-to-month basis." *Id*.

Plaintiff attempts to distinguish *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330 (11th Cir. 2011). Plaintiff argues that while *Molinos* held that U.S. citizens domiciled abroad are not proper parties for a diversity action in federal court, here, Plaintiff has no legal authority to stay in Sweden and cannot be domiciled in that country. As such, *Molinos* does not apply and, at most, Plaintiff is permitted to stay in Sweden for 90 days within any 180-day period under his current visa. ECF No. [48] at 4. Plaintiff thereafter relies on *Molinos* in arguing that a person with a temporary address may still establish domicile for purposes of jurisdiction. In *Molinos*, the

5

defendant did not own or rent a residence, but merely stayed at a "loaned" property which he intended to use as long as he was allowed to, which that court found satisfactory to prove domicile for purposes of diversity. *Molinos*, 633 F3d at 1343. The court found that the temporary residence was sufficient for purposes of establishing residence. *Id*. Plaintiff argues that this supports his argument that he is domiciled in Florida despite his lack of a permanent residence. ECF No. [48] at 5. Plaintiff argues that a lack of direct ownership or the leasing of a residence is therefore not dispositive on the question of domicile. *Id*. at 5. Plaintiff asserts that he "genuinely considers himself to be a citizen of Florida," claims to be domiciled in Florida, and opposes the Motion "because it is factually and legally incorrect" even though the Motion seeks to remand the case back to state court where Plaintiff originally filed. ECF No. [48] at 6.

Defendant replies that Plaintiff's assertion that he is domiciled in Florida "holds little weight when it is controverted by objective evidence." ECF No. [61] at 2. "No single factor is conclusive; instead, the Court looks to the 'totality of the evidence.'" *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. Mar. 26, 2001). The "objective facts bearing on the 'entire course of conduct' [will] determine domicile for diversity jurisdiction purposes." *Id*. (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). Statements of intent may be considered, but courts analyze "various factors in determining a person's intent to remain in a state." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d at 1149. Factors providing an objective basis to determine intent include "the location of real and personal property, business ownership, employment records, the location of bank accounts, payment of taxes, voter registration, vehicle registration, driver's license, membership in local organizations, and sworn statements of intent." *Id*. Defendant acknowledges that while Plaintiff has a Florida driver's license, the listed address is a defunct UPS site and it is insufficient and not compliant with Florida law. ECF No. [61] at 3;

6

ECF No [47] at 4 n. 3. Defendant points out that Plaintiff fails to address that his wife is a citizen of Sweden, that she lives in Sweden, and that he considers "his home" to be with his wife. ECF [61] at 3. Defendant argues that Plaintiff's only consistent physical presence is in Sweden, where he intends to return, which was memorialized in his 2022 application for a work permit in Sweden so that he would not have to leave that country for purposes of maintaining his visa. *Id*. at 4.

Defendant cites to *Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300 (S.D. Fla. Apr. 11, 2016) for support that, alternatively, Plaintiff's lack of a "fixed and permanent" residence renders him "stateless" which also destroys diversity for jurisdictional purposes. *Id*. at 1302. *See also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) (finding that "'stateless' status destroyed complete diversity under § 1332(a)(3)").

The Court agrees with the Defendant. First, Plaintiff's arguments as to *Molinos* are unpersuasive. Plaintiff relies on the determination in *Molinos* that "one may temporarily reside in one location yet retain domicile in a previous residence" to support that his lack of a consistent residence in Florida does not defeat his assertion that he is domiciled in Florida. 633 F.3d at 1341-42. However, Plaintiff primarily relies on his mere assertions instead of objective facts to support his intention to reside in Florida: Plaintiff "considers himself a Florida resident, considers Florida his home, and returns to Florida when he is done travelling overseas." ECF [48] at 5. Plaintiff contends that his "lack of owning or leasing a permanent residence in Florida is not dispositive on the issue of domicile." *Id*. Nevertheless, "[c]ourts generally give little weight to a party's profession of domicile." *Molinos*, 633 F3d at 1342.

However, there are critical differences between Plaintiff and the defendant in *Molinos*. Here, Plaintiff has no intention to stay in Florida or maintain a residence in Florida. Instead, he admits that he "returns to Florida when he is done travelling overseas" and furthermore, he has

sought a work permit overseas. ECF Nos. [48] at 5; [61] at 4. Furthermore, his application for a work permit in Sweden is an objective fact, indicative of intent to work and reside in Sweden, not Florida. In contrast, the defendant in *Molinos* intended to stay in the loaned residence as long as he was "provided with it," had resided in Florida two to three years, was retired, while on the board of several companies claimed that the titles were primarily honorary in nature requiring little work, and that he moved to the United States because "[he was] retired, and a citizen of the United States." *Molinos*, 633 F.3d at 1343. That court found that his "retirement decreased the likelihood that his move to Florida was a temporary [] arrangement." *Id*. Finally, that court determined that "until controverted by fact, [the defendant was] domiciled at his current residence." *Id*. (citations omitted). Consequently, *Molinos* does not support a finding that Plaintiff is domiciled in Florida.

The test for domicile remains residence in a state with the intent to stay in that state. *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021). Plaintiff has not been able to establish residence in-state nor prove his intent to stay in-state to establish domicile for purposes of diversity jurisdiction. The Court concludes that this case must be remanded to state court.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **REMANDED** to the Circuit court for the Eleventh Judicial Circuit for Miami-Dade County, Florida;

2. Defendant's Motion to Remand, **ECF No. [47]**, is **GRANTED**;

3. This case is **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County; and

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 18, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record